In the Matter of the Application for the DISCIPLINE OF Randall E. KROENING, an Attorney at Law of the State of Minnesota.

No. CX–83–912.

Supreme Court of Minnesota.

Dec. 2, 1986.

## ORDER

By petition dated May 29, 1986, the Director of Lawyers Professional Responsibility filed with this court a petition for discipline of the respondent Randall E. Kroening. That petition alleged that respondent violated a probation for disciplinary violations entered by this court on the 25th day of June, 1985, in that:

A. He has failed to maintain total abstinence from alcohol and failed to continue chemical dependency counsel with at least on one occasion having used alcohol.

B. He has failed to verify his weekly attendance at Alcoholics Anonymous contrary to the order for probation requiring weekly attendance at such meeting and verification thereof.

C. That he has failed to cooperate with his supervisor appointed by the Director's office to monitor compliance with his probation.

D. That he has failed to appear at two scheduled meetings with the Director in the spring of 1986.

E. That he has failed to comply with the terms of his probation in violation of Rules 8.1(a)(3) and 8.4(d), Minnesota Rules of Professional Conduct, Rule 25, Rules on Lawyers Professional Responsibility, and the probation order.

By answer the respondent originally admitted that he had failed to verify his weekly attendance at Alcoholics Anonymous but denied the other allegations of the petition. By stipulation between the respondent and the Director of Lawyers Professional Responsibility dated November 13, 1986, the respondent withdrew the foregoing answer and unconditionally admitted the allegations contained in paragraphs A, B, D, and E of the Director's petition. By that same stipulation the Director withdrew paragraph C of that petition. Pursuant to the stipulation, the respondent acknowledged he understood his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility by waiving those rights including the right to a hearing before a referee which had previously been appointed by this court. The Director and the respondent join in recommending discipline for the admitted violations of probation.

The Court having reviewed the petition, the answer, and the stipulation and the files and records herein orders:

1. Respondent Randall E. Kroening is hereby indefinitely suspended from the practice of law in the State of Minnesota provided, however, that not earlier than six months from the date of this order the

respondent can apply for reinstatement upon the following terms and conditions:

a. As a condition for reinstatement following the suspension, the respondent by petition shall provide evidence that he has for a period of one year prior to the petition for reinstatement maintained complete abstinence from alcohol and other mood altering chemicals and has attended meetings of Alcoholics Anonymous at least weekly, and further that he has from the date of the stipulation (November 13, 1986) continued regular chemical dependency counseling.

b. Respondent shall have satisfied the requirements imposed under the Rules of Continuing Legal Education on members of the bar as a condition to a change from restricted to active status, as required by Rule 18(e), Rules of Lawyers Professional Responsibility.

c. That should respondent be reinstated, respondent shall be subject to a period of supervised probation for two years subject to any further conditions as may be imposed on said probation at the time of any order for reinstatement.

2. There shall be no imposition in payment of costs required by Rule 24(a), Rules of Lawyers Professional Responsibility.

3. Any petition for reinstatement may be made without the respondent having completed successfully a written examination on the subject of professional responsibility as required by Rule 18(e), Rules of Lawyers Professional Responsibility.

4. All other requirements of Rule 18 shall be met before respondent will be reinstated to the practice of law.